IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALONZO DALE, )
)
         Plaintiff, )
)
v. ) No. 06 C 256
)
KENNETH R. BRILEY, et al., )
)
         Defendants. )

MEMORANDUM OPINION AND ORDER

Alonzo Dale ("Dale") has filed a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against (1) several defendants associated with Stateville Correctional Center ("Stateville"),[1] (2) the Director of the Illinois Department of Corrections ("Department") and (3) a member of Department's Administrative Review Board. Since that filing Dale has been released on parole, and he failed to appear in court on the last scheduled status hearing date of June 6, 2006. This Court then set the matter over to June 20, stating that any further such failure would give rise to dismissal of the action for want of prosecution.

But in the interim this Court has reviewed defendants' May 10, 2006 Motion To Dismiss and its supporting memorandum, which contend that Dale's action cannot survive in any event. Dale has not responded to the motion and memorandum, perhaps

---

[1] That group of defendants begins at the top with Warden Kenneth Briley and moves down the pecking order to a number of lower-ranking personnel.

understandably in light of their solid grounding in the applicable statutes and caselaw. Because of that solid grounding, this memorandum opinion and order now grants the motion to dismiss, for no useful purpose would be served by conducting another status hearing.

What Dale charges is that the discipline to which he was subjected by reason of a contretemps at Stateville in July 2004--discipline that subjected him to six months of C Grade, six months of segregation and the revocation of six months of good conduct credits--was wrongfully imposed because the proceedings involved violations of his constitutional rights. In so doing Dale complains in part of the handling of his administrative grievances relating to that subject. Accordingly this opinion will assume arguendo--by way of drawing all inferences in Dale's behalf, as a motion to dismiss requires--that he has satisfied the 42 U.S.C. §1997e(a) precondition to suit by having exhausted the administrative remedies available within the prison system.

But even that assumption, coupled with the arguendo assumption (for the same reason) that Dale's factual allegations are truthful, leaves Dale with the basic problem that Section 1983 is the wrong path for him to pursue. Over three decades ago Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) decided that habeas corpus and not Section 1983 is both the appropriate and the exclusive potential remedy for any injunctive claims relating

to the loss of good time credits. That doctrine is still alive and well--and as our Court of Appeals has taught in McAtee v. Cowan, 250 F.3d 506, 508-98 (7th Cir. 2001)(citations omitted):

> State prisoners challenging the deprivation of good-time credits by way of a habeas corpus petition must exhaust adequate and available state remedies before proceeding to federal court.
>
> \*   \*   \*
>
> Like their Wisconsin neighbors, Illinois inmates seeking restoration of good-time credits lost due to constitutionally infirm disciplinary hearings have a judicial remedy: they can file a complaint for an order of mandamus from an Illinois circuit court. If dissatisfied with the result, the inmate must invoke one complete round of the normal appellate process, including seeking discretionary review before the state supreme court.

In that respect, even though Dale has recently been released from prison (at the time that he filed suit in January 2006, he was still incarcerated at Pinckneyville Correctional Center), his current status as a parolee (a status that is scheduled to end in March 2008) suffices to retain him within the jurisdiction of the correctional system for habeas purposes (see, e.g., Spencer v. Kemna, 523 U.S. 1 (1998)). And perhaps more fundamentally, a prisoner who can invoke a habeas or mandamus remedy (recall that this action was filed (1) nearly 18 months after both (a) the incident that gave rise to Dale's claims and (b) the initial administrative hearing on Dale's grievances and (2) six months after the Administrative Review Board turned down Dale's

3

administrative appeal[2]) cannot wait instead, thus bypassing such remedies in favor of launching a Section 1983 lawsuit.[3]

Nor can Dale seek to avoid that result by shaping his claims that stem from the loss of good time or from the other disciplinary measures as entitling him to damages under Section 1983. In that regard Edwards v. Balisok, 520 U.S. 641, 648-49 (1997) teaches that no such Section 1983 relief is available so long as the prison disciplinary action stands unreversed--an extension of the principle announced in Heck v. Humphrey, 512 U.S. 477, 486 (1994).

Finally, defendants' Mem. 10-15 are fully persuasive in calling for the rejection of any other putative claims by Dale (whether based on his groundless invocation of the Eighth Amendment or any assertedly retaliatory motivation or any other purported ground[4]), again even with the benefit of all favorable inferences in support of his allegations. Those arguments by

---

[2] As Dale's Complaint Exs. C and E reflect, the Review Board refused to consider that appeal because it was untimely and was hence in violation of Department Rule 504.

[3] On that score the concurring opinion by Justice Souter in Spencer, 523 U.S. at 18-21, which suggests that a former prisoner no longer "in custody" might bring a Section 1983 action without being blocked by the Heck-Edwards favorable-termination requirement, mustered the support of three other Justices--but it did not command the majority necessary to speak for the Court.

[4] As to any such other grounds, it is of course fundamental that Dale's assertions of claimed violations of Illinois constitutional provisions and Department rules, policies and directives are not as such cognizable under Section 1983.

defendants, in addition to what has gone before in this opinion, shut the door entirely on Dale's Section 1983 claims.

In summary, defendants' motion to dismiss must be and is granted. Both Dale's Complaint and this action are dismissed.[5]

                              /s/ Milton I. Shadur
                              Milton I. Shadur
                              Senior United States District Judge

Date: June 12, 2006

---

[5] This dismissal of course also cancels the previously-set June 20 status hearing.

5